JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE GILLIES, <br><br> Petitioner(s), <br><br> v. <br><br> ANTHONY KANDARE, ET AL., <br><br> Respondent(s). | Case No. EDCV 19-2113-JGB (KKx) <br><br> ORDER REMANDING CASE TO STATE COURT |

**I.**

**INTRODUCTION**

Respondent Anthony Kandare ("Respondent") has removed this action, which was originally filed by Petitioner Joanne Gillies ("Petitioner") in the California Superior Court for the County of Riverside, to this Court on the basis of diversity jurisdiction. ECF Docket No. ("Dkt.") 1. The underlying state court action seeks an Elder or Dependent Adult Abuse Restraining Order protecting Valerie Kandare ("Protected Person"), who is Petitioner and Respondent's mother, from alleged financial abuse by Respondent. Id.

This Court sua sponte REMANDS this action to the California Superior Court for the County of Riverside for lack of subject matter jurisdiction, as set forth below.

///

## II.

## **APPLICABLE LAW**

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002) (quoting Great N. Ry. Co. v. Alexander, 246 U.S. 276, 280 (1918)). Generally, where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. Id.; Nevada v. Bank of Am. Corp., 672 F.3d 661, 667 (9th Cir. 2012); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 682 (9th Cir. 2006); Gaus, 980 F.2d at 566-67. "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977). "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 775 (9th Cir. 2017).

## III.

## **DISCUSSION**

Respondent is asserting jurisdiction on the basis of diversity and, therefore, bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a).

Respondent argues the amount in controversy is the amount he is alleged to have improperly taken from the protected person, i.e., $380,950. See Dkt. 1 at 3-4. However, pursuant to the state court pleadings attached to the Notice of Removal, Petitioner seeks only the following relief:

> (1) Personal Conduct Orders that respondent not do any of the following to petitioner or the protected person: (a) physically abuse, financially abuse, intimidate, molest, attack, strike, stalk, threaten, assault (sexually or otherwise), hit, harass, destroy the personal property of, or disturb the peace of the person; and (b) contact the person, either directly or indirectly, in any way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by e-mail, by text message, by fax, or by other electronic means.
>
> (2) Stay-Away Orders that respondent stay at least 100 yards away from the protected person, petitioner, and the protected person's home, job or workplace, and vehicle.

Dkt. 1 at 13.

The relief sought by Petitioner does not appear to have an obvious monetary value. The allegations that Respondent took money from the protected person appear to be solely related to showing that financial abuse occurred in order to support the prospective injunctive relief sought. It is, therefore, not clear that a judgment in favor of Petitioner would result in a pecuniary benefit to Petitioner or a detriment to Respondent. See Corral, 878 F.3d at 775. Hence, Respondent has failed to satisfy his burden to plausibly allege that the amount in controversy requirement has been met.

## IV.

## **ORDER**

IT IS THEREFORE ORDERED that this matter be, and hereby is, REMANDED to the California Superior Court for the County of Riverside for lack of subject matter jurisdiction.

Dated: November 7, 2019

HONORABLE JESUS G. BERNAL
United States District Judge

Presented by:

KENLY KIYA KATO
United States Magistrate Judge